**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOWER SUSQUEHANNA RIVERKEEPER and the LOWER SUSQUEHANNA RIVERKEEPER ASSOCIATION, | : : : : : | Civil No. 1:19-CV-01307 |
| Plaintiffs, | : | |
| v. | : | |
| KEYSTONE PROTEIN COMPANY, | : : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a citizen suit under the Clean Water Act in which the court recently

resolved cross motions for summary judgment.  The case is presently before the

court on a motion for certificate of appealability filed by Defendant Keystone

Protein Company ("Keystone"), which seeks leave of the court to file an

interlocutory appeal regarding a portion of the court's summary judgment ruling.

For the reasons that follow, the motion is denied.

### BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiffs Lower Susquehanna Riverkeeper and the Lower Susquehanna

Riverkeeper Association initiated this case by filing a complaint on July 29, 2019

---

[1] This section provides background and procedural history that is relevant to the instant motion for certificate of appealability.  A more complete background and procedural history can be found in the court's February 18, 2021 summary judgment opinion.  (*See* Doc. 51.)

against Keystone, which owns and operates a poultry rendering facility that generates industrial wastewater. (Doc. 1.) Keystone answered the complaint on August 21, 2019. (Doc. 7.) In the complaint, Plaintiffs allege that Keystone "has discharged and continues to discharge pollutants into waters of the United States in violation of" the Clean Water Act as well as "the conditions and limitations" established by a related permit system. (Doc. 1 ¶ 2.) Plaintiffs request damages as well as declaratory and injunctive relief. (*Id.* ¶ 1.)

The parties filed cross motions for summary judgment on May 29, 2020. (Docs. 32, 38.) In its motion for summary judgment, Keystone argued, inter alia, that Plaintiffs' claims were precluded by 33 U.S.C. § 1319(g)(6)(A)(ii), which bars citizen suits in cases in which "a State has commenced and is diligently prosecuting an action under a State law comparable to this subsection," because the Pennsylvania Department of Environmental Protection ("DEP") was already prosecuting enforcement actions against Keystone under Pennsylvania's Clean Streams Law. (Doc. 37, pp. 9–24.) The court resolved the motions for summary judgment on February 18, 2021, granting in part and denying in part the Plaintiffs' motion and denying Keystone's motion in its entirety. (Docs. 51–52.)

In denying Keystone's motion, the court rejected Keystone's argument that Plaintiffs' claims were precluded. (Doc. 51, p. 19.) The court noted that there is a circuit split as to which standard a court must use to determine whether a state law

is comparable to the Clean Water Act, with some courts applying the "overall comparability" standard, and other courts applying the more restrictive "rough comparability" standard. (*Id.* at 14.) Because the Third Circuit has not addressed this issue, the court undertook its own analysis and concluded that the rough comparability standard was the appropriate standard. (*Id.* at 15–16.) The court then determined that the Clean Streams Law was not comparable to the Clean Water Act under the rough comparability standard and accordingly rejected Keystone's preclusion argument. (*Id.* at 16–19.)

Keystone filed the instant motion for certificate of appealability on February 26, 2021, seeking leave to file an interlocutory appeal to the Third Circuit on the issue of whether the rough comparability standard or the overall comparability standard is the appropriate standard of review. (Doc. 53.) Briefing on the motion for certificate of appealability has concluded, and it is ripe for the court's review. (*See* Docs. 55–57.)

## DISCUSSION

A district court may certify an order for appeal if the court finds that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, certification under § 1292(b) is only proper when "(1) the issue involve[s] a

controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation." *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003).

An order presents a controlling question of law if (1) "an incorrect disposition would constitute reversible error if presented on final appeal"; or (2) there is a question presented by the order that is "serious to the conduct of the litigation either practically or legally." *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). Substantial grounds for difference of opinion exist "when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Id.* (quoting *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008)). Conflicting interpretations of the issue from numerous courts is the "clearest evidence" that this factor is satisfied. *Id.* (quoting *Beazer East, Inc. v. Mead Corp.*, No. 91-CV-00408, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006)). Finally, the question of whether litigation would be materially advanced hinges on "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense

to the parties." *Id.* (quoting *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007)).

The decision of whether to certify an order for appeal under § 1292(b) is left to the discretion of the district court, "and the court may decline to certify an order even if the parties have satisfied all elements enumerated in the statute." *In re Chocolate Confectionary Antitrust Litigation*, 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009) (quoting *Knipe*, 583 F. Supp. 2d at 599). A district court should certify orders for appeal "only sparingly and in exceptional circumstances." *Id.* at 708 (quoting *Sabree v. Williams*, No. 06-CV-02164, 2008 WL 4534073, at *1 (D.N.J. Oct. 2, 2008)). The party moving for certification under § 1292(b) "bears the burden of showing that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after entry of a final judgment.'" *Yeager's Fuel, Inc. v. Pa. Power & Light Co.*, 162 F.R.D. 482, 489 (E.D. Pa. 1995) (quoting *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

Here, Keystone argues that the question of whether the rough comparability standard or overall comparability standard should apply is a controlling question of law because the court would have found the Clean Water Act and the Clean Streams Law to be comparable if it had applied the overall comparability standard instead of the rough comparability standard. (Doc. 55, p. 9.) Keystone further

argues that the circuit split on this issue illustrates that there is substantial ground for difference of opinion on the issue. (*Id.*) Finally, Keystone argues that a certificate of appealability would advance the ultimate termination of the litigation because a finding that the overall comparability standard is the correct standard of review "would likely lead to the determination that the CSL and CWA are indeed comparable and that, as such, Plaintiffs' claims are barred." (*Id.* at 10.)

Plaintiffs acknowledge that the court's order presents substantial grounds for difference of opinion, *see* Doc. 56, pp. 7–8, but argue that the order does not present a controlling question of law because the court would reach the same conclusion regardless of whether it applied the rough comparability standard or the overall comparability standard. (*Id.* at 2–7.) Plaintiffs further argue that certifying the order for an immediate appeal would not advance the ultimate termination of the litigation because the appeal would only address the comparability issue and would not address whether the DEP was diligently prosecuting its enforcement action under the Clean Streams Law. (Doc. 56, pp. 8–10.) Finally, Plaintiffs assert that a trial in this matter would likely be brief because it would focus only on the amount of civil penalties to be imposed, and they therefore argue that certifying the case for appeal is not necessary to avoid a lengthy trial. (*Id.* at 10–12.)

Keystone argues in its reply brief that it is inappropriate for the court to speculate as to whether the Clean Water Act and Clean Streams Law would be

deemed comparable under the overall comparability standard given that no such ruling was previously made by the court. (Doc. 57, pp. 2–3.) As for whether an immediate appeal would advance the ultimate termination of the litigation, Keystone acknowledges that the court would need to determine the issue of diligent prosecution if Keystone succeeded on its appeal, but argues that that issue could be summarily resolved without the need for trial. (*Id.* at 4–5.) Keystone further argues that an immediate appeal would help to avoid a "lengthy and complex" trial, given that there are five experts who are likely to testify and that the court will need to consider testimony and evidence pertaining to years of Keystone's activities. (*Id.* at 5–6.)

Having reviewed the parties' arguments, the court will deny the certificate of appealability because it is not clear that an appeal would materially advance the ultimate termination of the litigation. As Keystone acknowledges, a successful appeal on the comparability issue would not by itself lead to the conclusion that Plaintiffs' claims are precluded by 33 U.S.C. § 1319(g)(6)(A)(ii), as the court would still need to determine whether the DEP is diligently prosecuting an enforcement action under the Clean Streams Law in order to make the ultimate decision regarding preclusion. Determining whether a certificate of appealability would advance the ultimate termination of this litigation therefore calls for inappropriate speculation as to how the court would rule on the diligent

prosecution issue. The court declines to engage in such speculation and will accordingly deny the motion for certificate of appealability.

**CONCLUSION**

For the foregoing reasons, Keystone's motion for certificate of appealability (Doc. 53) is denied. An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 2, 2021